IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVID CARVER WESTON,<br><br>        Defendant. | ORDER AND MEMORANDUM DECISION<br><br><br><br>Case No. 2:06-cr-303 |

The United States filed an objection to an order issued by the Chief Magistrate Judge, the Honorable Samuel Alba, which granted Defendant David Weston's Motion for Discovery ("the Order").

For the reasons stated below, the objection is GRANTED in part and DENIED in part, and the Order is amended as follows.

## PROCEDURAL HISTORY

On January 24, 2007, a federal grand jury issued the superseding indictment, indicting Mr. Weston on four counts of using a scheme or artifice to defraud through the mail under 18 U.S.C. § 1341, and on one count of corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue laws under 26 U.S.C. § 7212(a).

This matter began as a fraud investigation into Pacific Coast Academy. Related to that investigation, the government subpoenaed Mr. Weston to testify before a federal grand jury in California. Although Mr. Weston abided by the subpoena, he was never called to testify. But

while he was in California, the government allegedly interrogated him without his attorney present.

The current dispute centers around these alleged interviews which took place in California in 2002.  Mr. Weston "move[d] the court to suppress all evidence obtained by the government pursuant to interviews of the defendant, without counsel, by government agents and by government counsel in the year 2002 in the State of California." (Def.'s Mot. to Suppress.) The motion asserts these interviews "were initiated by the government with knowledge that he was represented by legal counsel, and without obtaining a valid waiver of counsel." (Id.)  Mr. Weston argues the United States subpoenaed him under false pretenses, then intimidated and coerced him into make incriminating statements in violation of his constitutional rights. Accordingly, Mr. Weston seeks the suppression of all statements made during these interviews, as well as the fruits of those statements.

To support his motion, Mr. Weston made extensive requests for documents, exhibits, transcripts, and subpoenas, purportedly related "to the issues of prosecutorial misconduct and grand jury abuse raised in defendant's December 29, 2006 Motion to Suppress." (Def.'s Mot. for Disc.)  Essentially, Mr. Weston requested all documents, memoranda, transcripts, notes, correspondence, and any other document related to this criminal matter or to Pacific Coast Academy case, Elliott, et al. v. Pacific Coast Academy, et al., No. BC262500 (Cal. Superior Court, Los Angeles County).

Judge Alba granted Mr. Weston's motion, although the Order somewhat scaled back the request.  In the Order, Judge Alba compelled the United States to produce all documents related to Mr. Weston's recorded statements, created by or sent to U.S. Department of Justice Attorney

Peter Loewenberg, or U.S. government agents Joseph Abboud, Vicki Griem, and Ronald Barker (collectively, "the Four Government Employees").  The Order also compelled the production of all documents created by or sent to the Four Government Employees that "reflect, refer, or relate to" Mr. Weston, as well as all documents related to the criminal record, complaints, or disciplinary action, or any other impeachment material of the Four Government Employees.  Magistrate Judge Alba also ordered the production of all grand jury transcripts and exhibits "that reflect, refer, or relate" to Mr. Weston.  And the Order required immediate production of all statements and reports by all prospective government witnesses as required by the Jencks Act and Federal Rule of Criminal Procedure 26.2.

## STANDARD OF REVIEW

Because the United States objects to the pre-trial discovery order by a magistrate judge, the court reviews the Order under the clearly erroneous standard of review.  "Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a 'clearly erroneous or contrary to law' standard of review."  First Union Mortgage Corp. v. Smith, 229 F.3d 992, 995 (10th Cir. 2000); see also  28 U.S.C. § 636(b)(1)(A) (2000) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

When considering whether the Order is clearly erroneous, the court will focus on the rationale behind Mr. Weston's discovery request.  Mr. Weston argues that the discovery requests are relevant for "the full adjudication of the defendant's pending Motion to Suppress."  (Def.'s Resp. to Obj. at 2.)  Accordingly, the compelled discovery will pass the clearly erroneous standard to the extent it achieves this specific purpose.

## ANALYSIS

The United States objects to several of Magistrate Judge Alba's discovery demands. Specifically, the government objects to the production of: (1) all documents created by or sent to the Four Government Employees pertaining to Mr. Weston; (2) impeachment material related to the Four Government Employees; (3) grand jury transcripts; and (4) Jencks Act materials in advance of trial.[1] The court addresses these objections in turn.

### I. The Court Narrows the Production of Documents that Relate to Mr. Weston

The court modifies Paragraph 2 of the Order because discovery of all documents created by or sent to the Four Government Employees that simply reflect, refer, or relate to Mr. Weston is overly expansive.

Under the Jencks Act, the United States shall deliver all documents <u>relevant to Mr. Weston's Motion to Suppress</u>—including, but not limited to reports, notes, memoranda, correspondence, e-mails, and tape recordings—created by or sent to a government agent who will testify in this matter.[2] A document is considered relevant to Mr. Weston's Motion to Suppress if it reveals any information pertaining to a government interview of Mr. Weston conducted in 2002 without his counsel present. These documents must be produced to Mr. Weston at least

---

[1] The United States does not object to Paragraph 1 of the Order, which compelled production of all documents "that reflect, refer, or relate to any oral, written, or recorded statement of defendant Weston which were created by or sent to" the Four Government Employees (dkt. #63).

[2] The Jencks Act allows discovery of "a written statement made by said witness and signed or otherwise <u>adopted or approved by him</u> . . . ." 18 U.S.C. 3500(e)(1) (2000) (emphasis added); <u>see also</u> <u>United States v. Welch</u>, 810 F.2d 485, 490-91 (5th Cir. 1987). And "[a]n agent's summary of a witness's statements . . . may be considered a Jencks Act statement of the agent and therefore subject to discovery if the agent testifies at trial." <u>Discovery</u>, 35 Geo. L.J. Ann. Rev. Crim. Proc. 324, 353 (2006).

two weeks before the government witness will testify.

Additionally, the government must produce all documents in its possession which reflect statements made by Mr. Weston during interviews in California in 2002, regardless of who recorded the notes or whether that individual will testify. Under Federal Rule of Criminal Procedure 16, "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." Fed. R. Crim. P. 16(a)(1)(B)(2); see also United States v. Hernandez-Muniz, 170 F.3d 1007, 1010 (10th Cir. 1999) ("requir[ing] the government to alert the defendant as to the 'substance' of his unrecorded oral statements made under interrogation."); Discovery, 35 Geo. L.J. Ann. Rev. Crim. Proc. 324, 339-40 (2006) ("[A]ny written notation containing the substance of a relevant oral statement made by the defendant must be disclosed . . . if such statement was made in response to interrogation . . . .") (emphasis added) (footnotes omitted). These documents are to be produced to Mr. Weston no later than May 25, 2007.

## II.     The Court Narrows the Production of *Giglio* Documents

The court narrows the scope of Paragraph 3 to include only documents in the United States' possession which qualify as Brady or Giglio information.

Specifically, the court orders the government to produce all documents in its possession, not yet turned over, regarding disciplinary action taken against a government witness in this case for providing false testimony, coercing a suspect or defendant, or violating Miranda when interrogating a suspect in custody. Additionally, the government must produce all documents which may exculpate Mr. Weston or pertain to his claim that the incriminating statements were

coerced in violation of the U.S. Constitution.  These documents are to be produced to Mr. Weston no later than May 25, 2007.

### III.     The Court Narrows the Production of Grand Jury Testimony

The court narrows Paragraph 4 which compels production of all grand jury testimony and exhibits that reflect, refer, or relate to Mr. Weston.  Given the importance of secrecy in grand jury proceedings, the Order was clearly erroneous because it was overly inclusive.  See U.S. ex rel. Stone v. Rockwell Int'l Corp., 173 F.3d 757, 759 (10th Cir. 1999) ("'The Supreme Court has consistently recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings.'") (quoting In re Special Grand Jury 89-2, 143 F.3d 565, 569 (10th Cir. 1998)).

But the United States must produce grand jury testimony for all witnesses that will testify in this case, along with relevant exhibits, pursuant to the Jencks Act.  See 18 U.S.C. 3500(e)(3) (2000) (allowing discovery of "a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.").  The government must produce these materials at least two weeks before the government witness will testify.

### IV.     The Court Overrules the Early Jencks Act Disclosures

The court overrules Paragraph 5 of the Order which mandates immediate disclosure of Jencks Act materials.  Instead, the court orders the government to produce all Jencks Act materials no later than two weeks before the witness will testify, to the extent those documents have not been identified in this order or otherwise produced.

The court notes that because the United States has persisted in its policy of refusing to provide grand jury transcripts and exhibits earlier than two weeks in advance of testimony, Mr.

Weston may need to file for a continuance based on the discovery of additional evidence.

## CONCLUSION

For the reasons stated, the court GRANTS in part and DENIES in part the government's objection to the Order (dkt. #64), and amends the Order as explained.

SO ORDERED this 21st day of May, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge